UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DR. KENDALL CLAY                                                                        PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:10-cv-371-CRS

CITY OF LOUISVILLE METRO et al.                                          DEFENDANTS

## <u>MEMORANDUM OPINION</u>

This matter is before the court on motions of the Plaintiff, Dr. Kendall Clay ("Plaintiff"), to

file a second amended complaint (DN 30), a third amended complaint (DN 55), and a substitute third

amended complaint (DN 58).  Defendant, Dr. Giles Meloche ("Meloche"), filed a response and

objection to Plaintiff's motion to file a second amended complaint (DN 33) and Defendants, Dr.

Wayne Zelinsky ("Zelinsky") and Louisville Jefferson County Metro Government ("Louisville

Metro" and collectively, "Defendants"), joined in the objection and response (DNs 32, 34).

Defendants also objected to Plaintiff's motion to file a third amended complaint (DN 57) and

Plaintiff's motion to file a substitute third amended complaint (DN 65).[1]  The court only addresses

Plaintiff's motion to file the most recent version of her complaint, the substitute third amended

complaint.  Plaintiff's motions to file earlier versions of her complaint now being moot, the court

declines to rule on them.  For the reasons set forth below, Plaintiff's motion to file a substitute third

amended complaint (DN 58) will be granted in part and denied in part.

---

[1]In their objections, Defendants not only address Plaintiff's amendments to her complaint, but also argue that other unchanged claims by Plaintiff are futile.  Any objections to Plaintiff's unchanged claims are more in the nature of a motion to dismiss and will be addressed when the proper motion is filed.

This case arises out of Plaintiff's work as a licensed veterinarian for Louisville Metro Animal Services ("MAS") while Meloche was Director and Zelinsky was a supervisor.  Plaintiff's employment at MAS was pursuant to a professional contract with Defendant Louisville Metro. Upon expiration of her professional contract, Plaintiff continued working at MAS according to a limited temporary contract, until her new professional contract could be finalized with the Louisville Metro Council.  Ultimately, Defendant Louisville Metro did not renew Plaintiff's professional contract, even though Plaintiff alleges she was assured that a new professional contract was imminent.  Plaintiff alleges that her contract was not renewed as a retaliatory measure for her reporting improper procedures at MAS and sexual harassment of her by Meloche.  Plaintiff then filed this action and now seeks to amend her complaint.

Except in the case of amendment as a matter of course or with written consent of the opposing party, Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading only with leave of the court.  Fed.R.Civ.P. 15(a).  Such leave "shall be freely given when justice so requires."  Fed.R.Civ.P. 15(a)(2).  "While this is a liberal standard, the district court need not grant leave to amend if there is evidence of delay, prejudice, or futility."  *Dean v. City of Bay City, Mich.*, 239 Fed. Appx. 107, 111 (6th Cir. 2007).  In determining whether a proposed amendment is futile, the court considers whether it could withstand a motion to dismiss under the Rule 12(b)(6) standard.  *See Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005); *Midkiff v. Adams County Regional Water District*, 409 F.3d 758, 767 (6th Cir. 2005).

In Plaintiff's tendered substitute third amended complaint, she seeks to add a claim of promissory estoppel against Defendants.  Under Kentucky law, the doctrine of promissory estoppel provides that "[a] promise which the promisor should reasonably expect to induce action or

- 2 -

forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only be enforcement of the promise." *Sawyer v. Mills*, 295 S.W.3d 79, 89 (Ky. 2009).   Plaintiff cites to *United Parcel Service Company v. Rickert*, a case in which the Supreme Court of Kentucky held that where a plaintiff produced evidence that a job promise was made to him and he relied on that promise to his detriment, a promissory estoppel action was viable. 996 S.W.2d 464, 470-71 (Ky. 1999).

Plaintiff alleges that assurances were made to her by Meloche and Zelinsky that her professional employment contract with Defendant Louisville Metro would be renewed.   Plaintiff alleges that she was informed by Meloche that her contract, which Plaintiff and the Louisville Metro Deputy Mayor had already signed, was pending final administrative approval from the Louisville Metro Council.   Plaintiff alleges that in fact, her signed renewal contract was never actually submitted to the Louisville Metro Council for approval.   Plaintiff states that she relied on these assurances to her detriment by moving to Louisville and not seeking other employment, although it would seem that in all likelihood, she would have moved to Louisville in order to perform services under the original professional contract.

These allegations are not adequate to withstand a motion to dismiss.   Defendants Meloche and Zelinsky had no authority to guarantee a final approval by the Louisville Metro Council. Plaintiff was informed that her professional contract required approval of the Louisville Metro Council before it was finalized.   She was not expressly promised definite future employment, as the plaintiff was in *Rickert*.   *See* 996 S.W.2d at 470.   Therefore, this case is distinguishable from *Rickert*, where "substantial evidence" was presented at trial that a definite job promise was made.   *Id*.; *see also Brown v. Louisville Jefferson Cnty. Redevelopment Authority, Inc*., 310 S.W.3d 221, 225 (Ky.

App. 2010) (finding a claim of promissory estoppel viable "if a jury should believe [the plaintiff's] testimony that [defendant] knowingly induced [plaintiff] to forgo another job opportunity by *expressly agreeing to employ him* for a specified period of time") (emphasis added). Therefore, Plaintiff's amendment to add a claim of promissory estoppel would be futile because she fails to state a claim upon which relief can be granted.

Further, Plaintiff's promissory estoppel claim against Defendants Meloche and Zelinsky, would also be futile because there was no purported employment contract alleged between Plaintiff and Meloche or Zelinsky, in their individual capacity. "The whole theory of a promissory estoppel action is that detrimental reliance becomes a substitute for consideration under the facts of a given case." *McCarthy v. Louisville Cartage Company, Inc*., 796 S.W.2d 10, 12 (Ky. App. 1990). The party against whom relief is sought must be the party who allegedly assented to an agreement. *See Trim v. Merv Properties*, 2011 WL 1327589 (Ky. App. Apr. 8, 2011); *Brewer v. Branch Banking & Trust Corp*., 2005 WL 2100995 *2 (W.D. Ky. Aug. 26, 2005) (discussing promissory estoppel as requiring that justice can only be achieved by the enforcement of the otherwise unenforceable promise). Plaintiff has not alleged that any contract, or offer to contract, existed between her and Meloche or Zelinsky, in their individual capacity. Rather, any assurances made by Meloche and Zelinsky were conveyed to Plaintiff in their representative capacity regarding professional employment with Defendant Louisville Metro. This further supports disallowing Plaintiff's amendment to add a claim of promissory estoppel.

Plaintiff also seeks to add a claim of equitable estoppel against Defendants. Under Kentucky law, "[e]quitable estoppel may be invoked by an innocent party who has been fraudulently induced to change their position in reliance on an otherwise unenforceable oral agreement." *Brewer*, 2005

- 4 -

WL 2100995 at *1 (quoting *Rivermont Inn, Inc. v. Bass Hotels Resorts, Inc*., 113 S.W.3d 636, 642-43 (Ky. App. 2003)).  The doctrine requires a party to show (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment or prejudice.  *Id.*; *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 62 (Ky. 2010); *Kindred Hospitals Ltd. Partnership v. Smith*, 2011 WL 4409599, *3-*4 (Ky. App. Sept. 23, 2011).  The purpose of equitable estoppel is "to promote equity and justice of the individual case by preventing a party from asserting a right or defense under a technical rule of law."  *McCarthy v. Louisville Cartage Company, Inc*., 796 S.W.2d 10, 12 (Ky. App. 2010).

Plaintiff's proposed claim of equitable estoppel fails to state a claim upon which relief can be granted.  As discussed above, Plaintiff was informed that her professional contract with Louisville Metro required approval of the Louisville Metro Council.  This was not an express employment promise.  Further, Plaintiff asserts as part of her equitable estoppel claim, that she suffered monetary damages, "including lost wages and incidental and consequential damages." (DN 58-1, p. 18).  However, equitable estoppel provides a party with equitable relief, as opposed to damages.  *Akers v. Pike County Board of Education*, 171 S.W.3d 740, 743 (Ky. 2005); *see also McCarthy*, 796 S.W.2d at 12 ("equitable estoppel is adopted on the opposite ground of legal estoppel, to promote equity and justice...by preventing a party from asserting a right or defense under a technical rule of law"); *Brewer*, 2005 WL 2100995 at n.1, *2 ("equitable estoppel is based upon representation (or misrepresentation) of an existing fact and is typically asserted to bar a party from raising a defense or from taking certain action").

Here, with respect to her equitable estoppel claim, Plaintiff seeks only damages, which are not available on such a theory.  *See Zurich Am. Ins. Co. v. Journey Operating, LLC*, 323 S.W.3d 696, 701-02 (Ky. 2010) ("estoppel is an equitable remedy that courts often invoke to prevent a party from benefitting from its misconduct. The facts and circumstances of each case determine the propriety of resorting to an equitable remedy").  No equitable relief could be granted, such as estopping Louisville Metro from denying employment, because it is clear that employment was never promised.  At best, Defendants only promised to submit the employment decision to the Louisville Metro Council.  We conclude the proposed amendment is futile.

Plaintiff's substitute third amended complaint would also amend Plaintiff's retaliation claim to allege that Defendants Zelinsky and Meloche "did conspire, confederate and agree together and with each other individually and as agents of Defendant Metro to retaliate and/or discriminate against Plaintiff" because of her having opposed unlawful conduct against her.  (DN 55-1).  "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim."  *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003).  The United States Supreme Court's standard from *Ashcroft v. Iqbal* mandates that allegations of a complaint include "factual enhancement" to demonstrate that "it states a plausible claim for relief." 556 U.S. 662, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Plaintiff includes no factual support in her tendered amended complaint which would make plausible the allegation of an

- 6 -

agreement between Zelinsky and Meloche to retaliate against Plaintiff.  The court concludes this amendment would be futile because it fails to state a claim upon which relief can be granted.

Plaintiff's proposed substitute third amended complaint also appears to correct technical errors in prior pleadings.  Defendants asserted that new factual allegations have been alleged in the substitute third amended complaint, but did not cite to any specific new allegations.  It appears only dates have been changed by Plaintiff and that no additional factual allegations or new arguments have been added.  These minor adjustments do not prejudice Defendants and under the liberal standard of Fed.R.Civ.P. 15(a), should be permitted.  *See Miller v. American Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir. 2000) ("cases should be tried on their merits rather than the technicalities of their pleadings"); *The Ada M*., 20 F. Supp. 331, 332 (S.D. N.Y. 1937) ("[t]he power to permit parties to amend defects in pleadings...is a power to be exercised liberally, so that the real controversy between the litigants may be presented for determination").

Last, in Plaintiff's response to Defendants' objections to Plaintiff's third amended complaint, Plaintiff concedes that the Kentucky Whistleblower statute restricts liability to the agency, rather than individual defendant employees.  Plaintiff requested permission to file another complaint to remove defendants Zelinsky and Meloche as individuals from the allegations in Count V.  (DN 64). The court will decline to rule on the permissibility to file a proposed pleading until such is tendered with the court and a copy is sent to opposing council.

An order consistent with this opinion will be entered this date.

December 8, 2011

Charles R. Simpson III, Judge
United States District Court