UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DR. KENDALL CLAY                                                                                        PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:10-cv-371-CRS

CITY OF LOUISVILLE METRO
GOVERNMENT, et al.                                                                                  DEFENDANTS

**MEMORANDUM OPINION**

      This matter is before the court on several motions filed by the parties. The plaintiff, Dr. Kendall Clay ("Plaintiff"), moves this court for reconsideration of the memorandum and opinion entered on December 9, 2011 (DNs 77, 78), for leave to file a Fourth Amended Complaint (DNs 93, 96), to abstain and stay proceedings pending resolution of her claims in state court (DN 103), and to withhold decision on the dispositive motions of the defendants until Plaintiff's motion for permission to file a fourth amended complaint is resolved (DN 94). The defendants, Louisville Jefferson County Metro Government ("Louisville Metro"), Giles Meloche ("Meloche"), and Wayne Zelinsky ("Zelinsky" and collectively, "Defendants"), have also filed several motions now before the court. Defendants have moved this court for partial summary judgment on Plaintiff's claim under Kentucky's Whistle Blower Statute, KRS § 61.102. (DN 82). Meloche has moved for judgment on the pleadings (DN 86) and Zelinsky has also moved for summary judgment on the pleadings (DN 98). Last, Defendants have moved this court for oral argument regarding their dispositive motions (DN 116). Because the court is satisfied that these matters can be decided based

on the thorough briefing of the parties, the motion for oral argument will be denied. (DN 116). As to the remaining matters, the court finds as follows.

## BACKGROUND

This case arises out of Plaintiff's work as a licensed veterinarian for Louisville Metro Animal Services ("MAS") while Meloche was Director and Zelinsky was a supervisor. Plaintiff's employment at MAS was pursuant to a professional contract with Defendant Louisville Metro. Upon expiration of her professional contract, Plaintiff continued working at MAS according to a limited temporary contract, until her new professional contract could be finalized with the Louisville Metro Council. Ultimately, Defendant Louisville Metro did not renew Plaintiff's professional contract, even though Plaintiff alleges she was assured that a new professional contract was imminent. Plaintiff alleges that her contract was not renewed as a retaliatory measure for her reporting improper procedures at MAS and sexual harassment of her by Meloche.

Plaintiff filed this action in May of 2010, asserting claims under 42 U.S.C. § 1983, arguing that her First Amendment rights under the United States Constitution were violated based on the alleged retaliation against her for her "commenting on matters of public concern" when she discussed the improper procedures at MAS. Plaintiff also asserted state law claims for a violation of the Kentucky Whistleblower Statute, KRS § 61.102, for sexual harassment under KRS § 344.040, for retaliation in violation of KRS § 344.280, and for outrage under Kentucky common law, seeking punitive damages and compensatory damages. (DN 1). We then permitted Plaintiff to file a First Amended Complaint in October of 2010, which substituted Louisville Jefferson County Metro Government as Defendant in place of City of Louisville Metro Government. *See* (DNs 17, 18).

In March of 2011, Plaintiff filed another motion for leave to amend the Complaint, seeking to add claims of promissory estoppel and equitable estoppel under Kentucky law. (DN 30). Before the court ruled on Plaintiff's motion to amend, Plaintiff filed another motion for leave to amend the Complaint in November of 2011, seeking to correct clerical errors that appeared in the prior proposed pleading. (DN 58). On December 9, 2011, we entered an order and accompanying memorandum opinion denying Plaintiff's motion for leave to file the proposed pleading on the basis that her amendments to add claims for equitable estoppel, promisorry estoppel, and conspiracy to retaliate would be futile. (DNs 77, 78). We held that the amendments failed to state claims upon which relief could be granted or failed to be pled with the requisite specificity. We did however, conclude that Plaintiff's amendments to correct technical errors should be permitted and ordered that Plaintiff file a new proposed complaint consistent with our opinion. *Id*.

In the pleadings regarding Plaintiff's motions to amend, the individual Defendants, Meloche and Zelinsky also argued that Plaintiff's claim under the Kentucky Whistleblower Statute appeared to assert a claim against them as individuals and that the statute did not provide for a claim against them in an individual capacity. Plaintiff apparently conceded that the statute restricted liability to the agency, rather than individual employees and requested permission to file another amended complaint removing the individual Defendants from that count. (DN 64). We determined that Defendants' objections were more in the nature of a motion to dismiss and indicated we would address their arguments when the proper motion was filed. (DN 77) We further declined to rule on an amended pleading not presently before the court until a proposed pleading was filed and a copy sent to opposing counsel. *Id*.

Plaintiff filed a motion for reconsideration of our denial of her motion for leave to amend her complaint to add additional claims. (DN 81). Defendant Louisville Metro filed a motion for partial summary judgment on the pleadings, arguing that we do not have subject matter jurisdiction over Plaintiff's claim under the Kentucky Whistleblower Statute. (DN 82). Defendant Meloche then filed a motion for judgment on the pleadings, incorporating Louisville Metro's arguments regarding the Kentucky Whistleblower Statute, and making his own substantive arguments for judgment on all of Plaintiff's remaining claims. (DN 86). Louisville Metro filed a response to Meloche's motion, adopting those arguments which related to its position as well. (DN 90).

Plaintiff filed a motion for leave to file a Fourth Amended Complaint in January of 2012, seeking to drop all of her claims based on Kentucky state law, and to preserve only her claims arising under 42 U.S.C. § 1983 and her request for punitive damages. (DN 93). Plaintiff also filed a motion to withhold decision on the dispositive motions of Defendants until Plaintiff's motion to file her Fourth Amended Complaint was resolved. (DN 94). Subsequently, Plaintiff filed another motion to file an amended complaint, this time only correcting a numbering error in the proposed Fourth Amended Verified Complaint that she had previously filed. (DN 96). Defendant Zelinsky then filed his own motion for summary judgment, arguing that he was entitled to summary judgment on all of Plaintiff's claims. (DN 98). Plaintiff filed responses to each of Defendants' motions for judgment, arguing that her motion to amend and drop the state law claims rendered moot any motions for judgment on those claims. *See* (DNs 95, 100, 112).

In January of 2012, Plaintiff also filed a motion to abstain and stay proceedings pending the conclusion of her state court action. (DN 103). Plaintiff argued that because she filed a parallel action in state court and reserved all her federal claims for future litigation in federal court pursuant

to *Wicker v. Board of Education of Knott County, Kentucky*, 826 F.2d 442 (6th Cir. 1987), we should hold the present action in abeyance until the conclusion of her state court action. *Id*.

Upon oral motions of Defendants, the Magistrate Judge entered an order holding all discovery in abeyance until resolution of the pending motions. (DN 107). Last, Defendants filed a motion for oral argument regarding their dispositive motions before the court. (DN 116). All the proper responses and replies have been filed and this matter is now ripe for adjudication.

## MOTION FOR RECONSIDERATION

Plaintiff moves this court for reconsideration of the memorandum opinion and order entered December 9, 2011 (DNs 77, 78). Although the Federal Rules of Civil Procedure do not expressly recognize a 'motion for reconsideration,' when one is filed within ten days of an order, it is generally construed as a motion to alter or amend a judgment. *Cockrel v. Shelby County School Dist.*, 270 F.3d 1036, 1047 (6th Cir. 2001) (citing 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE 59.30 [7] (3d ed.2000)); *see also Osborn v. U.S.*, 2011 WL 3360662, at *1, 2011 U.S. Dist. LEXIS 86363 (W.D. Ky. Aug. 4, 2011) (a 'motion for reconsideration' filed within ten days is "generally treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e)"). Given that Plaintiff filed her motion for reconsideration within ten days of the entry of our order and opinion, we will construe it as a motion to alter or amend the judgment.

Motions to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) are "extraordinary" in nature and should be "sparingly granted." *Buckner v. Kentucky*, 2011 WL 1304747, at *1, 2011 U.S. Dist. LEXIS 36956 (E.D. Ky. April 5, 2011) (citing *Marshall v. Johnson*, 2007 WL 1175046, 2007 U.S. Dist. LEXIS 29881, at *2 (W.D. Ky. Apr. 19, 2007)). The court may grant a Rule 59(e) motion only in limited circumstances: if there is (1) a clear error of law; (2) newly-discovered

evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Rule 59(e) does not provide parties a forum to present new arguments or theories that, with proper diligence, could have been asserted prior to the judgment being issued. *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008); *Gen Corp*, 178 F.3d at 834. The rule is also not a vehicle to "re-hash old arguments" in an attempt to gain a different result. *Browning v. Pennerton*, 2008 WL 47911491, at *1, 2008 U.S. Dist. LEXIS 90107 (E.D. Ky. Oct. 24, 2008).

In our December 9, 2011 memorandum opinion and order, we denied Plaintiff's motion to file a substitute Third Amended Complaint. We held that it would be futile to add her proposed claims of promissory estoppel, equitable estoppel, and conspiracy, because as alleged, they could not withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *See* (DN 77). Plaintiff argues in her motion to amend the judgment that it was error for the court to deny her motion for leave to file the amended complaint because the "court's opinion assumes facts which have not been established and are construed in the light least favorable to the plaintiff." *See* (DN 81).

Specifically, Plaintiff argues it was error for the court to conclude that Plaintiff's claims were barred because Plaintiff was not expressly promised future employment. *See* (DN 81). We stated in our previous memorandum opinion entered on December, 9, 2011 that because Plaintiff was informed that her contract required final approval from Louisville Metro Council, she was aware that an additional administrative step had to occur before she had a definite employment contract. (DN 77). The previous proposed amended complaint by Plaintiff alleged:

> Since Plaintiff Clay's contract for hire was due to expire on or about July 1, 2009, she was provided a contract for hire up through June of 2010, which contract

> Defendant Meloche signed, Plaintiff Clay signed, and was signed by the Deputy Mayor Summers of Defendant Metro indicating approval at that stage of the administrative process. Defendant Meloche and others explained to her that the contract was to be forwarded "downtown" where it was to be again approved by the Louisville Metro Councilpersons.
>
> . . . .
>
> Between June of 2009 and November of 2009, Plaintiff Clay sought to learn when, *if at all*, she would receive the final administrative approval to continue work under the yearly contract for hire which she had signed and which Defendant Metro had signed and approved in June of 2009.

(DN 55, Exhibit 1, at ¶ 59) (emphasis added). Plaintiff argues in her motion to alter or amend that it was error for the court to conclude based on Plaintiff's proposed amended complaint that Plaintiff was not offered definite employment. We again find that it is clear from Plaintiff's own allegations that she possessed knowledge a final administrative approval, outside of the control of Meloche and MAS, was required before her contract for employment was finalized.

Reviewing the pleadings and our opinion, we find that Plaintiff's motion to alter or amend the judgment should be denied. In our opinion entered December 9, 2011, we properly concluded that even if all of Plaintiff's allegations were true, and taking them in the light most favorable to Plaintiff, the claims of promissory estoppel and equitable estoppel against Defendants were not viable. Therefore, Plaintiff's motion for reconsideration will be denied.

PLAINTIFF'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

Plaintiff has filed a motion for leave to file a proposed "Substituted Fourth Amended Complaint," which removes all state law claims and only maintains her claims under 42 U.S.C. § 1983 and request for punitive damages. *See* (DNs 93, 96).[1] Pursuant to Rule 15 of the Federal Rules

---

[1] Plaintiff filed a proposed "Fourth Amended Verified Complaint" (DN 93), but later filed another motion titled, "Plaintiff's Motion to Substitute Third Amended Verified Complaint." (DN 96). However, within the body of the motion to substitute, and at the top of the proposed amended complaint, she calls it the "Fourth Amended Verified Complaint." *See id.* We will refer to the
(continued...)

- 7 -

of Civil Procedure, plaintiffs may amend their pleadings with leave of the court after an initial amendment, and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). When confronted with a motion for leave to amend, a "district court, generally speaking, has considerable discretion in deciding whether to grant" the Rule 15(a)(2) motion. *Leisure Caviar, LLC v. United States Fish and Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for a dilatory purpose, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

Plaintiff contends that her motion for leave to file the Substituted Fourth Amended Complaint should be granted because the dispositive motion pending on her claim under the Kentucky Whistleblower Statute was based on jurisdictional grounds, and thus she would be required to file that claim in state court if the motion were granted. Defendants argue in their motion for partial summary judgment that Plaintiff's claim under the Kentucky Whistleblower Statute, KRS § 61.102 is barred by the Eleventh Amendment in the United States Constitution, because the Eleventh Amendment has been construed to deny a federal court jurisdiction in any suit involving a suit against a state by its own citizen without its consent or unless its immunity has been waived. *See* (DN 82) (citing U.S. Const., Amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 15, 10 S.Ct. 504 (1890)). Defendants note that KRS § 61.103(2) states:

> [E]mployees alleging a violation of KRS 61.102(1) or (2) may bring a civil action for appropriate injunctive relief or punitive damages, or both, within ninety (90) days

---

[1](...continued)
proposed pleading in Plaintiff's most recent proposed pleading (DN 96) as the "Substituted Fourth Amended Complaint."

> after the occurrence of the alleged violation. The action may be filed in the Circuit Court for the county where the alleged violation occurred, the county where the complainant resides, or the county where the person against whom the civil complaint is filed resides or has his principal place of business.

*Id*. Defendants thus argue that Plaintiff's claim under the Kentucky Whistleblower Statute cannot be brought in federal court.

Plaintiff then asserts that because Defendants' motion involved a jurisdictional argument, she was attempting to aid in judicial efficiency by seeking to move her Kentucky Whistleblower Statute claim to state court. Plaintiff also argues that she sought to further aid in efficiency by attempting to avoid "piecemeal litigation" and move her other state law claims to state court also. (DN 102). Essentially, Plaintiff argues:

> If, pursuant to Defendants' Motions, the Federal Court had dismissed or dismisses the State Whistleblower Claim under the 11th Amendment grounds, affirming that the Federal Court had no subject matter jurisdiction over the claim as requested by Defendants, Plaintiff would necessarily be compelled to file a State Court Complaint to preserve the State Court claim.

*Id*. Plaintiff further argues that Defendants will not be prejudiced by the granting of her motion for leave to file the Substituted Fourth Amended Complaint, because Defendants have so far prevented her from conducting any substantial discovery and discovery has been stayed in this action twice, including presently since January. *Id*.

Our focus when ruling on a motion for leave to amend the complaint is the issue of prejudice. "To deny a motion to amend, a court must determine that there exists at least some significant showing of prejudice to the opponent." *Cook v. Field Packing Co., LLC*, 2006 WL 1523233, at *2 (W.D. Ky. May 31, 2006). Some examples of significant prejudice which justifies denying leave to amend a complaint include if an amendment involves new theories of recovery, *see id.* (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)), or if an amendment would require

significant additional discovery, *see id.* (citing *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998)). Further, the United States Court of Appeals for the Sixth Circuit has distinguished between allowing a plaintiff to amend a complaint in order to add a claim for relief and allowing a plaintiff to amend a complaint in order to delete a claim:

> Permitting [the plaintiff] to change her complaint by deleting a paragraph is quite different from permitting a plaintiff to add a claim which raises new theories or alleges new facts, which necessitates further discovery. Permitting deletion in this case would conceivably cause a slight delay and prompt a new round of summary judgment motions. This minimal effect cannot justify the district court's refusal to permit the deletion in light of Rule 15(a), which requires that leave to amend be "freely given."

*Roberts v. Autoalliance Int'l, Inc.*, 1993 U.S. App. LEXIS 15359, at *25, 996 F.2d 1216 (6th Cir. Jun. 15, 1993).

In reviewing the pleadings and the record in this case, we conclude that Plaintiff's motion for leave to file the Substituted Fourth Amended Verified Complaint (DN 96) should be granted. We find that significant prejudice to Defendants is not likely and that Plaintiff did not act with bad faith or a dilatory motive. Although this action was filed in 2010, Plaintiff has been largely prevented from conducting significant discovery and Defendants have taken only one deposition of their listed fourteen planned depositions. *See* (DN 107, Magistrate Judge's order holding discovery in abeyance); (DN 74, Defendants' Deponent List). Defendants' dispositive motion on Plaintiff's claim under the Kentucky Whistleblower Statute was based on this court's lack of subject matter jurisdiction and specifically argued the claim could only be brought in Kentucky state court. As Plaintiff states, were we to grant Defendants' motion regarding Plaintiff's Kentucky Whistleblower Statute claim, she would be required to file that claim in state court in order to preserve it.

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants have joined in a motion for partial summary judgment on Plaintiff's claim of a violation of the Kentucky Whistleblower Statute, KRS § 61.102. *See* (DNs 82, 86). A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). The evidence must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

By permitting Plaintiff's motion for leave to file the Substituted Fourth Amended Complaint which eliminates her claim for a violation of the Kentucky Whistleblower Statute, Defendants' motion for partial summary judgment on that claim becomes moot. Therefore, it will be denied as such.

## MELOCHE'S MOTION FOR JUDGMENT ON THE PLEADINGS AND ZELINKSY'S MOTION FOR SUMMARY JUDGMENT

Individual Defendants, Meloche and Zelinksy have both filed motions seeking judgment on all claims by Plaintiff. (DNs 86, 98). Defendant Meloche filed a motion for judgment on the pleadings (DN 86) and Defendant Zelinsky filed a motion for summary judgment (DN 98). As set forth above, we have determined that Plaintiff's motion for leave to file a "Substituted Fourth Amended Complaint" will be granted. Thus, with regard to Plaintiff's state law claims against Meloche and Zelinsky, the motions have become moot. As those claims are no longer in issue in this court, we decline to rule on them. The motions will therefore be denied in part as moot.

With regard to Plaintiff's remaining federal claims under 42 U.S.C. § 1983, the motions of Meloche and Zelinsky are not rendered moot by our decision to grant Plaintiff's motion for leave

to file her Substituted Fourth Amended Complaint. However, as set forth below, we have found that strong grounds exist to stay this action pending the resolution of Plaintiff's state court action. Thus, we will remand in part the motion of Meloche for judgment on the pleadings and the motion of Zelinsky for summary judgment as to Plaintiff's 42 U.S.C. § 1983 claims, with leave to reinstate the motions if the matter becomes active again in this court.

### PLAINTIFF'S MOTION TO WITHHOLD DECISION ON MOTION FOR PARTIAL SUMMARY JUDGMENT UNTIL PLAINTIFF'S MOTION FOR PERMISSION TO FILE FOURTH AMENDED COMPLAINT IS RESOLVED

Plaintiff has also filed a motion requesting the court to delay ruling on Defendants' motion for partial summary judgment on her claim under the Kentucky Whistleblower Statute until it had ruled on her motion for leave to file a Fourth Amended Complaint. (DN 94). Considering the rulings set forth above, this motion is now moot and will denied as such.

### MOTION TO ABSTAIN AND STAY

Last, Plaintiffs have also filed a motion to abstain and stay this action until the underlying state court action is complete. (DN 103). Plaintiff first cites to the decision of the United States Court of Appeals for the Sixth Circuit, *Wicker v. Board of Education of Knott County, Kentucky*, 826 F.2d 442 (6th Cir. 1987), to support her motion to hold this action in abeyance pending the resolution in state court of her state law claims.

In *Wicker*, the Sixth Circuit held that "a plaintiff who initially files in federal court then in state court, and thereafter faces an abstention order by the federal court, may nonetheless reserve his right to return to federal court for adjudication of his federal claims." 862 F.2d at 451. The plaintiff in *Wicker* faced an abstention from the federal court based on the *Pullman* doctrine, which "requires a plaintiff to proceed to state court on those issues whose resolution may make

unnecessary further action in federal court." *Id*. at 445.  Plaintiff fails to explain how the resolution in state court of her claims under KRS § 344 and KRS § 61.102 or her common law claims would obviate a need for resolution of the pending federal claim here under 42 U.S.C. § 1983.

However, Plaintiff also argues that abstention is appropriate to avoid duplicative litigation, citing to *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and *Morris v. City of Shepherdsville*, 2009 WL 577259, 2009 U.S. Dist. LEXIS 16894  (W.D. Ky. March 5, 2009).  In *Morris*, the court stated:

> In order to determine whether abstention under *Colorado River* is appropriate, the court first must determine whether the present case is "parallel" to the state-court case.  *See Romine v. Compuserve Corp*., 160 F.3d 337, 340-41 (6th Cir. 1998).  The court finds that the cases are "parallel" because "the two proceedings are substantially similar" in that each arises from the plaintiff's termination.  *Id*. (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)).  Eight factors may be considered by a district court in determining whether abstention of a "parallel" state action is justified by considerations of "wise judicial administration":
>
>> (1) If property is involved, which court fist assumed jurisdiction over it.
>> (2) The convenience of the federal forum to the parties.
>> (3) Whether abstention would avoid "piecemeal litigation."
>> (4 ) Whether the state or federal courts first obtained jurisdiction.
>> (5) Whether a decision on the merits would be based on federal law or state law.
>> (6) Whether the state court proceedings are adequate to protect the rights of the federal plaintiff.
>> (7) Which proceedings are more advanced.
>> (8) Whether concurrent jurisdiction is present or absent.
>
> *Id*. at 818-19.  *See also United States v. Commonwealth of Kentucky*, 252 F.3d 816, 827 (6th Cir. 2001); *Romine*, 160 F.3d at 340-41.  The court must balance these factors, but they are not a "mechanical checklist," *Romine*, 160 F.3d at 341, and "[n]o one factor is necessarily determinative."  *Colorado River*, 424 U.S. at 818.

*Morris*, 2009 WL 577259, at *4.

The court in *Morris* decided to grant abstention and considered several factors which are also relevant in the case at hand: (1) "the close proximity of the federal courthouse in Louisville to the

state courthouse in Shepherdsville minimizes the significance of the convenience-of-the-federal forum factor;" (2) "abstention may avoid piecemeal litigation since a final decision in the state-court matter may bar the instant action due to Kentucky's law against claim-splitting;" and (3) "the state-court action implicates important state interests, namely the disciplining of a local law-enforcement official and enforcing the state's whistleblower statute." *Id*. at *4-*5.

First, this action appears to be parallel to the state action filed by Plaintiff, because both arise out of the failure of Plaintiff's contract for veterinarian services at MAS to be renewed. We will therefore review the factors outlined in *Colorado River* to determine whether abstention is appropriate. *See* 424 U.S. at 817-19.

Applying those factors to the case at hand: (1) there is no property at issue, making that factor irrelevant; (2) the federal courthouse in Louisville is even closer in proximity to the Jefferson County courthouse where the state court filing is located than the Shepherdsville courthouse in *Morris*; (3) it would appear abstention would also promote avoidance of "piecemeal litigation;" (4) the federal court first obtained jurisdiction and the case was filed here in 2010, although only one deposition has been taken to date of the extensive planned discovery from both parties; (5) a decision on Plaintiff's § 1983 claim would involve an application of federal law; (6) the state court proceedings would be adequate to protect the rights of the federal Plaintiff, especially considering that she has requested abstention; (7) the current federal action is more advanced than the more recently filed state court action but, as discussed above, substantial discovery has not been taken and the parties are still largely in the early stages of litigation; (8) concurrent jurisdiction is present over all claims except for Plaintiff's Kentucky Whistleblower Statute claim which is being litigated in Kentucky state court.

Weighing all the factors, we find that although they are fairly evenly split, more factors weigh towards abstention and staying this action until the state court action is complete. Further, we similarly find, as the court in *Morris* did, that the state court action implicates important state interests, in that the state has an important interest in enforcing its own whistleblower statute. *Morris*, 2009 WL 577259, at *5. Therefore, we conclude that under the *Colorado River* abstention doctrine, in order to avoid duplicative litigation and conserve judicial resources, this action will be placed in abeyance pending the outcome of Plaintiff's state court action.

An order consistent with this opinion will be entered this date.

July 31, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

D02